UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN WARREN,

        Plaintiff,                            Case No. 13-15015

v.                                                 Paul D. Borman
                                                   United States District Judge

NATIONSTAR MORTGAGE LLC,

        Defendant.
_____/

OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. No. 3)

       This is a mortgage foreclosure case. Plaintiff Joan Warren ("Plaintiff") filed her complaint in Wayne County Circuit Court on or about November 14, 2013. (Dkt. No. 1, Compl.). Thereafter, Plaintiff filed an Amended Complaint. (Dkt. No. 1, Am. Compl.). On December 11, 2013, Defendant Nationstar Mortgage LLC ("Defendant") removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1, Removal).

       Now before the Court is Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) filed on December 13, 2013. (Dkt. No. 3). Plaintiff did not file a response with the Court, but did mail a "response" to Defendant before her January 31, 2014 deadline to respond to Defendant's motion. (Dkt. No. 6, Def.'s Reply, Ex. 1, Plaintiff's Response). Defendant filed a reply on February 28, 2014 and attached Plaintiff's mailed response as an exhibit. (*Id*.). Given the Plaintiff's *pro se* status, the Court liberally construes Plaintiff's mailed response to Defendant (and attached to Defendant's reply) to be her response to Defendant's motion to dismiss.

The oral argument on this matter was held on July 10, 2014. For the following reasons, the Court GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

This case concerns the foreclosure by advertisement of a residence, 16739 Plainview Street, Detroit, Michigan 48219 (the "Property"). (Am. Compl. ¶ 1). On December 6, 2004, Plaintiff entered an agreement ("Loan Agreement") with John Adams Mortgage Company (the "Lender") in which Plaintiff received a loan in the amount of $156,000.00 (the "Loan"). (Def.'s Mot., Ex. 1, Mortgage). To secure the Loan, Plaintiff granted a mortgage (the "2004 Mortgage") on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as nominee for the Lender and the Lender's successors and assigns. (*Id*.). Accordingly, MERS, and the successors and assigns of MERS, were named as mortgagee. (*Id*.). The 2004 Mortgage was duly recorded on January 12, 2005 in Liber 41996, Page 993, Wayne County Records. (*Id*. at 1). Then, on March 4, 2013, MERS assigned the 2004 Mortgage to the loan servicer, Defendant (the "Assignment"). The Assignment was recorded on March 14, 2013 in Liber 50580 at Page 1345, Wayne County Records. (Def.'s Ex. 2, Assignment).

Thereafter, Plaintiff defaulted on her obligations under the Loan, and Defendant initiated a foreclosure by advertisement on the Property. (Am. Compl., Ex. B, Sheriff's Deed). Plaintiff was provided with notice of the default and Defendant's intent to foreclose. (*Id*. at 3-5). Defendant represents, and Plaintiff does not contradict, that she did not request a meeting regarding possible modification as provided by MICH. COMP. LAWS § 600.3205(b). (*Id*. at 3-5). The affidavit of publication attached to the Sheriff's Deed sets forth that notice of the foreclosure sale was posted on the door of the Property, and was published for four successive weeks on

April 16, April 23, April 30 and May 7, 2013. (*Id*. at 3, 5). Thereafter, a Sheriff's sale was held on May 16, 2013 and Defendant purchased the Property for $139,394.69. (Ex. B, Sheriff's Deed at 1).

The statutory redemption period expired six months from the date of the foreclosure sale on November 16, 2013, approximately three days after Plaintiff filed the current action seeking to "Quiet Title". (*Id*. at 8). Plaintiff has not attempted to redeem the property.

## II. STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

The Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Dismissal is only appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the Supreme Court clarified the concept of

3

"plausibility" stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 678. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555-556). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

In addition to Plaintiff's allegations in her amended complaint, the Court will consider the documents attached to Defendant's motion, reply and Plaintiff's response and referenced in the pleadings: the Mortgage, Assignment of Mortgage and mortgage documents relating to a previous mortgage on the Property at issue in this action. (*See* Def.'s Br., Ex. Nos. 1 & 2, Pl.'s Resp. Exs. A, B, C, & D; Def.'s Reply, Ex. 2). Although these documents are outside the pleadings, the Sixth Circuit has recognized that the "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in a plaintiff's complaint and are central to her claim." *Weiner v. Klais and Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997) (citation omitted). In a motion to dismiss, a court may also rely upon matters of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *Bassett v.*

4

*Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (explaining that in deciding a motion to dismiss a court may consider, "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein."). The Mortgage, the Assignment of the Mortgage, as well as the mortgage documents regarding a previous mortgage on the Property are referenced in Plaintiff's Amended Complaint and response, central to her claims, and are matters of public record, and therefore these documents will be considered by the Court in evaluating Defendant's Motion to Dismiss.

### III. ANALYSIS

Plaintiff brings this action *pro se* and therefore, the Court must liberally construe the Amended Complaint and her response to Defendant's motion to dismiss. *See Haines v. Kerner*, 414 U.S. 519, 520 (1972). With that in mind, the Court finds that Plaintiff's claim of "Quiet Title" seeks to set aside the foreclosure sale based on a defective or invalid assignment of the 2004 Mortgage (Am. Compl. ¶¶ 4-6). Plaintiff also requests that the Court rescind her Mortgage. (Am. Compl. at 2). Defendant argues that Plaintiff's Amended Complaint must be dismissed because she has failed to allege any facts constituting a "fraud or irregularity" relating to the foreclosure proceeding, failed to show any prejudice, and not stated any valid reason to rescind her mortgage.

**A.     Quiet Title**

The U.S. Court of Appeals for the Sixth Circuit has recognized that a request to quiet title is a remedy rather than a separate cause of action. *Goryoka v. Quicken Loan, Inc.*, F. App'x 926, 929 (6th Cir. 2013) (noting the lower court correctly held that requests to quiet title and for

injunctive relief "are remedies and are not separate causes of action."). Further, even if such a claim could be found to be a separate cause of action, Plaintiff has failed to set forth such a claim in this action.

To quiet title under Michigan law, Plaintiff has the burden of proof and must make out a *prima facie* case of title. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty Road Comm'n*, 236 Mich. App. 546, 550 (Mich. Ct. App. 1999). If a plaintiff can carry this burden, then the defendants must then prove superior right or title. *Id*. In the instant case, Plaintiff claims title through a Warranty Deed, recorded March 3, 2003, while Defendant has a later-dated Sheriff's Deed. (Am. Compl. Ex. A, Warranty Deed & Ex. B, Sheriff's Deed). Pursuant to MICH. COMP. LAWS § 600.3236, the later-dated Sheriff's Deed is evidence of superior title to the property. Plaintiff has not produced any evidence to the contrary.

Rather than dispute the superiority of title, Plaintiff appears to challenge the validity of the foreclosure sale. When a Plaintiff seeks to set aside a foreclosure sale, the Court must first address whether the Plaintiff has "made a sufficient showing of 'fraud or irregularity'" in connection with the sheriff's sale of their properties to 'undo the divestment of [the] property.'" *El-Seblani v. Indymac Mortg. Services*, 510 F. App'x 425, 429 (6th Cir. 2013) (citing *Houston v. U.S. Bank Home Mortg. Wisc. Servicing*, No. 11-2444, 2012 WL 5869918, at *5 (6th Cir. Nov. 20, 2012)).

Pursuant to Michigan law, a homeowner has a statutory period in which to redeem a property sold at a foreclosure sale. *See* MICH. COMP. LAWS § 600.3236-3240(1). However, once the redemption period has expired, a former owner's rights in and title to the property are extinguished and the former owner cannot assert claims with respect to the property. *Collins v.*

*Wickersham*, 862 F. Supp. 2d 649, 654 (E.D. Mich. 2012) (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942); *Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 28950, 2009 WL 1507342, at *1 (Mich. Ct. App., May 28, 2009)). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Overton*, 2009 WL 1507342, at *1 (quoting *Schulthies v. Baron*, 16 Mich. App. 246, 247-48 (Mich. Ct. App. 1969)). "The standards for obtaining such an extension are stringent. Statutory foreclosures will only be set aside if very good reasons exist for doing so." *El-Seblani*, 510 F. App'x at 429 (internal quotation marks and citation omitted). As a result, "[t]he Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997). The Sixth Circuit has recently explained that the "[w]hether the failure to make this showing is best classified as a standing issue or a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. MERS*, 714 F.3d 355, 359-60 (6th Cir. 2013). Further, "[t]he misconduct must relate to the foreclosure procedure itself." *Id.* at 360 (citations omitted).

    Here, the record is clear that the redemption period expired approximately three days after Plaintiff's action was filed. *See Overton*, 2009 WL 1507342, at *1 (holding that the filing of a lawsuit before the redemption period expired "was insufficient to toll the redemption period."). Therefore, the Plaintiff must allege a strong case of fraud or irregularity relating to the foreclosure procedure itself to maintain an action to set aside the foreclosure sale.

In the current action, construing Plaintiff's Amended Complaint and response liberally, the Court finds Plaintiff asserts two basic challenges to the foreclosure sale: (1) the Assignment between MERS and Defendant was invalid or defective because the mortgage was previously discharged, and because the assignment was "robo-signed" (Am. Compl. ¶¶ 4-5; Pl.'s Resp. at 2), and  (2) the Mortgage is "invalid and unenforceable" pursuant to the statute of limitations set forth in MICH. COMP. LAWS § 600.5801 (*Id*. ¶ 6).  The Court finds that Plaintiff fails to set forth a plausible basis for setting aside the foreclosure sale.

      1.      Assignment of Mortgage Between MERS and Defendant

First, Plaintiff appears to argue in her Response that the March, 2013 assignment between MERS and Defendant was invalid because the mortgage on the Property was discharged in early 2005 and there is "confusion" regarding who the "actual Foreclosing party is".  (Pl.'s Resp. at 2-3).  To this end, Plaintiff relies upon documents relating to a mortgage she received from John Adams Mortgage Company for the amount of $150,350.00 which was recorded on February 13, 2003, in Liber 37737, Page 4011 with the Wayne County Register of Deeds ("2003 Mortgage").  (Def.'s Reply, Ex. B, 2003 Mortgage).  As Plaintiff explains in her response, this mortgage was assigned to SunTrust Mortgage, Inc., effective December 4, 2004 and was paid in full on December 13, 2004.  (Pl.'s Resp. at 1-2).  On February 8, 2005, a certificate of discharge was recorded at Liber 42122, Page 692 with the Wayne County Register of Deeds reflecting that the 2003 Mortgage on the Property had been satisfied in full and was discharged.  (Pl.'s Resp., Ex. B. Certificate of Discharge).  Plaintiff then appears to argue or infer that the March 2013 assignment between MERS and Defendant was an assignment of the discharged 2003 Mortgage. (Pl.'s Rep. at 2).

To the extent Plaintiff could be arguing that the discharge of the 2003 Mortgage somehow affects the disposition of the separate and distinct 2004 Mortgage at issue in this action, or that there is some "confusion" over title, such a claim is without merit. Plaintiff's recitation of the chain of title in her response fails to note the intervening December 6, 2004 Loan and Mortgage transaction (which was properly recorded) to which the 2013 Assignment relates. Therefore, any attempt by Plaintiff to claim the 2004 Mortgage was discharged in 2005 is without merit and clearly refuted by the chain of title.

Next, Plaintiff argues that the Assignment of the 2004 Mortgage between MERS and Defendant was invalid because "the person executed [sic] the document had no title or interest in the property described, had no authority, actual or apparent, to encumber the [Property]" and because the Assignment was "robo-signed". (Am. Compl. ¶¶ 4-5). However, it is clear that this claim fails because Plaintiff lacks standing to challenge the duly recorded 2013 Assignment.

The Sixth Circuit addressed this issue in *Livonia Properties Holdings, LLC v. Farmington Road Holdings, LLC*, 399 F. App'x 97 (6th Cir. 2010). In *Livonia Properties*, the plaintiff argued that a foreclosure by advertisement was not permitted because interim assignments of the mortgages at issue were unrecorded prior to the first recorded assignment. *Id.*, at 99-100. The plaintiff claimed that these unrecorded assignments offended the Michigan statutory requirement that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale ... evidencing the assignment of the mortgage to the party foreclosing the mortgage." *Id.* at 100 (quoting MICH. COMP. LAWS § 600.3204(3)). The Sixth Circuit held that the statute was satisfied when a clear record chain of title existed from the original mortgagee to the foreclosing party and the failure

9

to record interim assignments did not invalidate the foreclosure. *Id*. at 101-02. The Sixth Circuit also found the plaintiff lacked standing to challenge the assignment because it was not a party to the assignment and had not asserted any defense that could render the assignment void, such as: "nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment" *Id*. at 102 (citation omitted). The Sixth Circuit further noted that "[o]bligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice." *Id*.

In the present case, Plaintiff was not a party to the assignment between MERS and Defendant, and Plaintiff fails to assert a plausible defense that the Assignment was void. First, an examination of the record chain of title shows that Defendant possessed title pursuant to the properly recorded Assignment of the 2004 Mortgage prior to the date of the foreclosure sale, which satisfies the requirement that the foreclosing party (if not the original mortgagee) have title prior to the date of the sale. MICH. COMP. LAWS § 600.3204(3) (2012).[1] Therefore, Plaintiff does not have standing to challenge any flaw (based on alleged robo-signing) in the Assignment between MERS and Defendant where the record of title is clear and Plaintiff was not a party to the assignment. Further, Plaintiff cannot allege that MERS lacked title because the 2004 Mortgage clearly states that MERS was the original mortgagee, and the 2004 Mortgage also provided that MERS had the right to assign its interest. (*See* Mortgage, 3). Additionally, Plaintiff does not dispute that Defendant was the servicing agent of the mortgage, and therefore

---

[1] The version of the statute in effect at the time of foreclosure process in this action states, in relevant part: "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale ... evidencing the assignment of the mortgage to the party foreclosing the mortgage." MICH. COMP. LAWS § 600.3204(d)(3) (2012).

could properly foreclose on the 2004 Mortgage.[2] *See* MICH. COMP. LAWS § 600.3204(1)(d) (2012) (stating in relevant part, a "party may foreclose a mortgage by advertisement if all the following circumstances exist... [t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage".). There is also no allegation that the Assignment was ever revoked. Finally, Plaintiff does not (and cannot) argue or allege that she could be exposed to "double liability" such that she could still be liable for the amount of the Loan as Defendant bid the full amount of the debt at the foreclosure sale.[3] *See New Freedom Mortg. Corp. v. Globe Mortg. Corp.,* 281 Mich. App. 63, 68 (Mich. Ct. App. 2008) (stating, "If [the lender's] bid is equal to the unpaid principal and interest on the mortgage plus the costs of foreclosure, this is known as a 'full credit bid.' When a mortgagee makes a full credit bid, the mortgage debt is satisfied, and the mortgage is extinguished." (internal citation omitted).)

Thus, Plaintiff fails to set forth any facts that support a plausible challenge to the Assignment of the 2004 Mortgage where she has no standing to claim the Assignment was flawed (or defective because it was "robo-signed"), she cannot show the Assignment was void

---

[2] While Plaintiff does not appear to argue that MERS could not freely assign the 2004 Mortgage, the Court recognizes that Michigan courts have explicitly held that MERS "as record-holder of the mortgage," owns an "interest in the indebtedness ... [that] authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d)" despite the fact MERS did not own the underlying debt. *Residential Funding Co. v. Saurman*, 490 Mich. 909, 909 (2011); *see Hargrow v. Wells Fargo Bank, N.A.*, 491 F. App'x 534, 537 (6th Cir. 2012) (recognizing that pursuant to *Saurman,* where MERS was the undisputed record-holder of the mortgage and had the power to foreclose by advertisement, that interest, if validly assigned, would give the assignee the ability to foreclose by advertisement under § 600.3204(1)(d)).

[3] The Sheriff's Deed provides that Defendant's purchase price for the Property was $139,394.69, while the attached affidavits provide the amount Plaintiff owed on the Loan was $138,171.29 as of May 7, 2013. (Sheriff's Deed, at 1, 3).

11

for any other reason, and she is not exposed to double liability. Therefore, the Court shall dismiss this claim.

        2.      Prejudice

Further, the Court finds Plaintiff's claims based on a defective or invalid Assignment fail for the additional reason that Plaintiff has not alleged any prejudice suffered because of the alleged "fraud or irregularity".

Michigan law provides that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank*, 493 Mich. 98, 115 (2012). Since the foreclosure sale would merely be voidable, Plaintiff must show she was prejudiced by the defective Assignment *i.e.*, "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id*. Factors that indicate such prejudice are: (1) "whether plaintiffs were misled into believing that no sale had been had"; (2) "whether plaintiffs acted promptly after they became aware of the facts on which they based their complaint"; (3) "whether plaintiffs made an effort to redeem the property during the redemption period"; (4) "whether plaintiffs were represented by counsel" during the process; and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest" in the property. *Id*. at 120-21 (Markman, J., concurring) (internal citations and quotations omitted).

Courts in this district have recognized that "where plaintiffs have admitted default, received notice of default, failed to show that they had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan, and showed no attempt to redeem the property, they cannot show how any alleged defects in the notice prejudiced them."

*Colyer v. Fed. Home Loan Mortg. Corp.*, Slip Op., No. 13-10425, 2014 WL 1048009, at *5 (E.D. Mich. Mar. 18, 2014) (collecting cases); *see also Conlin*, 714 F.3d at 362 (holding that the plaintiff failed to show prejudice from an allegedly defective assignment when he did not show he would have been in a better position to keep the property or that he could have been "subject to liability from anyone other than U.S. Bank".).

In the instant case, even if the Assignment of the 2004 Mortgage was defective, Plaintiff has not shown she was prejudiced. Indeed, Plaintiff has not alleged that she would have been in a better position to keep the Property, or that she could have otherwise redeemed her Property. Further, Plaintiff has not alleged that she could be subject to liability to anyone other than Defendant. Therefore, the Court finds Plaintiff's claim fails for this additional reason.

3. Statute of Limitations

Plaintiff also alleges that the 2004 Mortgage is invalid based on a statute of limitations having expired. (Am. Compl. ¶ 6). Plaintiff relies upon MICH. COMP. LAWS § 600.5801 which states:

> No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the period of time prescribed by this section.
>
> (1)   Defendant claiming title under fiduciary's deed or court-ordered sale. When the defendant claims title to the land in question by or through some deed made upon the sale of the premises by an executor, administrator, guardian, or testamentary trustee; or by sheriff or other proper ministerial officer under the order, judgment, process, or decree of a court or legal tribunal of competent jurisdiction within this state, or by a sheriff upon a mortgage foreclosure sale the period of limitation is 5 years.

MICH. COMP. LAWS § 600.5801.

This claim is without merit. Plaintiff fails to make any argument or allegation to explain how this statute of limitations operates to invalidate the 2004 Mortgage. Further, even if this statute of limitations were applicable, Plaintiff must still set forth some fraud or irregularity relating to the foreclosure process to set aside a foreclosure sale after the redemption period has expired. *See Rubin v. Fannie Mae*, No. 12-12832, 2012 WL 6000572, at *4 (E.D. Mich. Nov. 30, 2012). Plaintiff has not set forth any such fraud or irregularity. Therefore, the Court dismisses this claim.

**B.     Request to Rescind the Mortgage**

In Plaintiff's requests for relief, Plaintiff asks that this Court rescind (or "cancel") the 2004 Mortgage and its Assignment, quiet title in favor of Plaintiff and against Defendant, and award her the costs of this action. (Am. Compl. at 2). However, the Court finds Plaintiff has failed to state a claim in her Amended Complaint and, therefore, she is not entitled to any relief.[4] Accordingly, the Court denies Plaintiff's request for rescission.

---

[4] Moreover, Plaintiff is clearly not entitled to a rescission of the 2004 Mortgage. Plaintiff has neither repaid the Loan nor offered to do so. Rescission is an equitable remedy and under Michigan law Plaintiff is required to return Defendant to its pre-contractual status. *See Kundel v. Portz*, 301 Mich. 195, 210 (1942) ("Rescission, whether legal or equitable, is governed by equitable principles, one of which is that an essential prerequisite to the receipt of such relief is the return of what has been received, or its equivalent, by him who seeks the remedy."); *see also Chrzanowski v. U.S. Bank, N.A*, Slip Copy, No. 14-11365, 2014 WL 2895442, at *2 (E.D. Mich. June 26, 2014) (recognizing same and noting "[i]f title was quieted in Plaintiffs' name, without repayment of the Loan, they would achieve a windfall; they would get to keep the benefit of the Loan as well as the Property they put up as collateral.").

## IV. CONCLUSION

For all these reasons, the Court GRANTS Defendant's Motion to Dismiss (Dkt. No. 3) and DISMISSES this action WITH PREJUDICE.

**SO ORDERED.**

                                                      s/Paul D. Borman  
                                                      PAUL D. BORMAN  
                                                      UNITED STATES DISTRICT JUDGE

Dated: July 28, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2014.

                                                      s/Deborah Tofil  
                                                     Case Manager